IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| | : | CASE NO. 2:21-CR-198(1) |
| vs. | : | |
| | : | CHIEF JUDGE MARBLEY |
| SEAN HEISER-MULLINS, | : | |
| Defendant. | : | |

### DEFENDANT SEAN HEISER-MULLINS' SENTENCING MEMORANDUM

**I.    INTRODUCTION.**

On March 22, 2022, the United States Probation Office disclosed the final Presentence Investigation Report (hereinafter "PSR") in this case. Under the existing rubric, sentence can be imposed only after moving through the following three-step process: (1) properly compute the applicable guideline range; (2) determine the propriety of a departure from that range; and (3) apply the relevant §3553(a) factors. USSG §1B1.1(a)-(c). Adherence to this procedure yields a sentence that is "sufficient, but not greater than necessary" to satisfy Congress' sentencing mandate codified in 18 U.S.C. §3553(a)(2).

**II.    SENTENCING GUIDELINES.**

The proposed guideline application suggests a sentencing range of 92-115 months imprisonment based on Sean's total offense level 23 and criminal history category VI. (PSR, ¶84). There is one guideline objection for this Court's resolution. In the plea agreement, the parties agreed the relevant conduct was more than five but fewer than ten grams of methamphetamine, yielding an offense level of 14. In contrast, Sean's PSR recommends an offense level 24.

1

If this objection is sustained, Sean Heiser-Mullins's guideline range would be 33-41 months. However, pursuant to USSG §5G1.1(b), because the statutory mandatory minimum sentence, 60 months, is greater than the maximum of the applicable guideline range, 60 months becomes Sean's guideline sentence.

Finally, in the plea agreement, the parties jointly recommended a concurrent federal sentence to the 12-year sentence Sean's serving in Franklin County Common Pleas Case Nos. 18 CR 3579, 18 CR 1559, 19 CR 882, and 20 CR 2005. This state sentence won't expire until February 24, 2030.

### III. DEPARTURES.

Officer Sprankel didn't identify any bases for departure, and Sean agrees with that assessment. (PSR, ¶100).

### IV. SENTENCING FACTORS—18 U.S.C. § 3553(a).

The final step of the sentencing analysis requires this Court to determine what sentence is sufficient, but not greater than necessary, to satisfy Congress' sentencing mandate. Sean Heiser-Mullins points to the following § 3553(a) factors to answer this statutory question: (1) the nature and circumstances of his offense; (2) his history and characteristics; and (3) the need to protect the public from further crimes he might commit.

Sean Heiser-Mullins submits that a sentence requiring him to serve a 60-month sentence, running concurrently with the 12-year sentence he's serving in state prison, vindicates Congress' sentencing mandate as it reflects the seriousness of his offense, provides just punishment, and protects the public.

#### A. NATURE AND CIRCUMSTANCES OF THE OFFENSE—§ 3553(a)(1).

There's no doubt this offense is serious. The statutory and guideline penalties support this

conclusion as does Sean's conduct. At the time of this federal offense, Sean's life was out of control and his insatiable appetite for drugs was the catalyst for his involvement in the drug offense for which this Court will impose sentence. (PSR, ¶21).

### B. SEAN HEISER-MULLINS'S HISTORY AND CHARACTERISTICS— § 3553(a)(1).

**(1) Family Life.**

Sean was the only child born to Sally Heiser and Donald Mullins. (PSR, ¶66). Sean's parents were never married and separated shortly after his birth. (PSR, ¶66). Sean was shuffled back and forth between his parents after they separated. (PSR, ¶66). When it was inconvenient for Donald to parent, he washed his hands of that responsibility and Sean's primary parent became his mother. (PSR, ¶69).

According to Sean, his childhood was both challenging and lonely; early on, he demonstrated mood swings and aggression. (PSR, ¶¶66 & 69). By the time Sean was eight, Sally married Steven Parenti, who had a sadistic bent. (PSR, ¶66). Sean's stepfather was both verbally and physically abusive and punished Sean by locking him in a dark closet. (PSR, ¶66). Steven Parenti was in Sean's life for three years, but in those three years, the trauma inflicted aggravated what was otherwise an already fragile mental health condition.

**(2) Mental Health.**

Before he was old enough to go to kindergarten, Sean was exhibiting behavioral problems and his mother sought psychiatric care. (PSR, ¶68). Ritalin and Concerta were prescribed to manage the behavioral issues, however, Donald Mullins didn't support the administration of these medications. (PSR, ¶72). It is believed these medications were last taken by Sean when he was 14 years old. (PSR, ¶72).

As a child, Sean was diagnosed with Dysthymic, Conduct, and Post-Traumatic Stress Disorders. (PSR, ¶68). Johns Hopkins defines Dysthymic Disorder as a milder, but long-lasting form of depression. https://www.hopkinsmedicine.org/health/conditions-and-diseases/dysthymia (Last visited on February 24, 2022). "There is no clear cause for this type of depression. Mental health professionals think it's a result of chemical imbalances in the brain. Many factors are thought to contribute to depression. These include environmental, psychological, biological, and genetic factors. Chronic stress and trauma have also been linked to this condition." *Id*.

Johns Hopkins listed the following causes of Conduct Disorder: brain damage, a traumatic event, genes, child abuse, past school failure, and social problems. https://www.hopkinsmedicine.org/health/conditions-and-diseases/conduct-disorder (Last visited on February 24, 2022). "Some children with conduct disorders seem to have a problem in the frontal lobe of the brain. This interferes with a child's ability to plan, stay away from harm, and learn from negative experiences." *Id*.

Finally, the Mayo Clinic concluded that Post-Traumatic Stress Disorder (PTSD) "is a mental health condition that's triggered by a terrifying event — either experiencing it or witnessing it. Symptoms may include flashbacks, nightmares and severe anxiety, as well as uncontrollable thoughts about the event." https://www.mayoclinic.org/diseases-conditions/post-traumatic-stress-disorder/symptoms-causes/syc-20355967 (Last visited on February 24, 2022). For children six years old and younger, which is when Sean was first diagnosed with PTSD, "signs and symptoms may also include: (1) re-enacting the traumatic event or aspects of the traumatic event through play and (2) frightening dreams that may or may not include aspects of the traumatic event." *Id*.

Sean's mental health conditions have been largely ignored for the past two decades and, consistent with Officer Sprankel's recommendation (PSR, ¶73), a mental health assessment is in

4

order as part of this Court's sentence. The impulsive behavior that is at the cornerstone of Sean's criminal history might also be the result of these untreated conditions. New medications that have become available since Sean was a child might better manage these conditions.

### (3) Education and Employment.

Sally Heiser related her son was enrolled in special education classes and school records reflect he had an Individualized Education Plan (IEP) through high school. (PSR, ¶¶68 & 77). After presenting with so many untreated mental health disorders, it's not a surprise that Sean didn't thrive in a traditional educational setting. When he left the 12th grade, his GPA was .803. (PSR, ¶78).

Also, Sean's PSR reveals he's struggled to both secure and maintain meaningful employment. (PSR, ¶¶79-81). However, one of Sean's goals in prison is to acquire his GED, participate in drug treatment, as well as secure vocational training that will enable him to learn a trade so he can succeed once he is again free in society. (PSR, ¶21).

### C. PROTECTION OF THE PUBLIC—§ 3553(a)(2)(C).

This Court's decision on whether to run a federal sentence concurrently or consecutively to an undischarged term of state imprisonment is guided by USSG § 5G1.3(d). This provision states that a federal sentence "may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." USSG § 5G1.3(d), comment. (n. 4(A)) offers the following factors for a court to consider when deciding whether to run state and federal sentences concurrently or consecutively: "(1) the § 3553(a) factors; (2) the type and length of the prior undischarged sentence; (3) the time served and likely to be served on the undischarged sentence; (4) the procedural posture of the undischarged sentence (whether it was imposed in state or federal court and when it was imposed); and (5) any other relevant circumstance." *United States v. Potts*, 947 F.3d 357, 369 (6th Cir. 2020)

On November 23, 2020, Franklin County Court of Common Pleas Judge Colleen O'Donnell sentenced Sean to serve an aggregate sentence of 12 years for the convictions captured in paragraphs 53, 54, 55, and 58 of his PSR. Under state law, this time is "mandatory" and neither good time can be earned to reduce it nor is early release available. Consequently, Sean Heiser-Mullins will be in a state penitentiary until February 24, 2030.

Additionally, a federal criminal complaint was pending against Heiser-Mullins when his state criminal cases were resolved. Despite asking his defense counsel several times to globally resolve both his pending state and federal cases, his counsel failed to even attempt a resolution of this federal case. Finally, after considering several § 3553(a) factors, the parties jointly recommended in the plea agreement that the sentence in this federal case should run concurrently with the state sentence Sean's serving.

## VI. CONCLUSION.

After considering the relevant § 3553(a) factors, Sean Heiser-Mullins, through undersigned counsel, hereby moves this Court to sentence him to serve 60 months in prison, run that sentence concurrently with the state sentence he's serving, and impose a four-year term of supervised release.

Respectfully submitted,

  /s/ Steven S. Nolder
Steven S. Nolder (0037795)
65 E. State St., Ste. 200
Columbus, Ohio 43215-3469
(614) 221-9790
snolder9@gmail.com
Attorney for Sean Heiser-Mullins

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the Sentencing Memorandum was electronically served upon AUSA Tim Prichard this 14th day of April, 2022.

                                                    Respectfully submitted,

                                                     /s/   Steven S. Nolder_____
                                                 Steven S. Nolder (0037795)
                                                 Attorney for Sean Heiser-Mullins